Matter of Town of Oyster Bay v East Norwich Land Co., LLC

2026 NY Slip Op 02845

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Town of Oyster Bay, appellant,

v

East Norwich Land Company, LLC, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2025-01244, (Index No. 601975/24)

Francesca E. Connolly, J.P.

William G. Ford

Helen Voutsinas

Laurence L. Love, JJ.

Bee Ready Law Group, LLP, Mineola, NY (Andrew K. Preston of counsel), for appellant.

Weber Law Group, Melville, NY (Jason A. Stern of counsel), for respondents.

[*1]

DECISION & ORDER

In a proceeding for declaratory and injunctive relief, the petitioner appeals from an order of the Supreme Court, Nassau County (Danielle M. Peterson, J.), entered December 20, 2024. The order, insofar as appealed from, denied the petitioner's motion for a preliminary injunction.

ORDERED that the order is affirmed insofar as appealed from, with costs.

Since the 1950s, Pine Hollow Country Club, Inc. (hereinafter the Club), has operated at property located in East Norwich (hereinafter the property), which is owned by East Norwich Land Company, LLC (hereinafter East Norwich). The Club provides amenities including a tennis court, pickleball court, and driving range.

In February 2024, the Town of Oyster Bay commenced this proceeding, inter alia, for a declaration that the Club is a public nuisance and a permanent injunction enjoining and restraining, among others, East Norwich from operating and using the pickleball and tennis courts and the driving range. The Town also moved for a preliminary injunction, among other things, enjoining and restraining the operation and use of the pickleball courts, tennis courts, and driving range on the property. In an order entered December 20, 2024, the Supreme Court, inter alia, denied the Town's motion for a preliminary injunction. The Town appeals.

"A public nuisance exists for conduct that amounts to a substantial interference with the exercise of a common right of the public, thereby offending public morals, interfering with the use by the public of a public place or endangering or injuring the property, health, safety or comfort of a considerable number of persons" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292). A public nuisance is "'an offense to the public of a neighborhood or community in the enjoyment of its common rights'" but it is not an interference with "'the enjoyment of private rights not shared by the members of a community or neighborhood'" (Dudley v API Indus., Inc., ____ AD3d ____, ____, 2025 NY Slip Op 07379, *6, quoting People v Brooklyn & Queens Tr. Corp., 283 NY 484, 490).

"To obtain preliminary injunctive relief based on a violation of its zoning ordinances, [*2]a town need not satisfy the traditional three-part test for injunctive relief, but is required 'only [to] show that it has a likelihood of ultimate success on the merits and that the equities are balanced in its favor'" (Town of Islip v Modica Assoc. of NY 122, LLC, 45 AD3d 574, 575, quoting First Franklin Sq. Assoc., LLC v Franklin Sq. Prop. Account, 15 AD3d 529, 533; see Town of Brookhaven v MMCCAS Holdings, Inc., 137 AD3d 1258, 1259; Town of Carmel v Melchner, 105 AD3d 82, 91; Town of Oyster Bay v Baker, 96 AD3d 824, 824). "To obtain relief, a town must 'come forward with a strong prima facie showing that the defendants are violating its zoning ordinance'" (Town of Islip v Modica Assoc. of NY 122, LLC, 45 AD3d at 575, quoting Town of Oyster Bay v Sodomsky, 154 AD2d 455, 455). "'The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court'" (Matter of 1650 Realty Assoc., LLC v Golden Touch Mgt., Inc., 101 AD3d 1016, 1018, quoting Blinds & Carpet Gallery, Inc. v E.E.M. Realty, Inc., 82 AD3d 691, 692; see Town of Carmel v Melchner, 105 AD3d at 91). Appellate courts will not disturb a trial court's determination on a preliminary injunction "[a]bsent unusual or compelling circumstances" (Brighton Leasing Corp. v Brighton Realty Corp., 233 AD3d 839, 841 [internal quotation marks omitted]).

"As a general rule, a nonconforming use of real property that exists at the time a restrictive zoning ordinance is enacted is 'constitutionally protected and will be permitted to continue'" (Jones v Town of Carroll, 15 NY3d 139, 143 [internal quotation marks omitted], quoting Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d 127, 135; see Matter of McDonald v Zoning Bd. of Appeals of Town of Islip, 31 AD3d 642, 642). However, "the right to maintain a nonconforming use does not include the right to extend or enlarge that use" (Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton, 137 AD3d 1289, 1292 [internal quotation marks omitted]; see Matter of McDonald v Zoning Bd. of Appeals of Town of Islip, 31 AD3d at 642-643).

Here, the Town's evidentiary submissions failed to establish that it had a likelihood of success on the merits of its contention that the Club is a public nuisance. The Town submitted two affidavits from private homeowners whose properties are adjacent to the Club's pickleball courts. Both homeowners complained, inter alia, about the "jarring 'pop-pop-pop' noise" from the pickleball courts, which interfered with their normal activities such as sleeping, conversations, and social gatherings. However, this does not create a claim for public nuisance. The harms described are to residents' right to use and enjoy their private property and do not implicate any public right (see Dudley v API Indus., Inc., ____ AD3d at ____, 2025 NY Slip Op 07379).

Additionally, because the Club existed prior to the enactment of the Code of the Town of Oyster Bay, it was a lawful, preexisting nonconforming use. The Town's evidentiary submissions failed to show a likelihood of success on the merits, as the record reveals disputed and unresolved issues with regard to whether pickleball and tennis courts and a driving range extended or enlarged the preexisting use (see Town of Clarkstown v M.R.O. Pump & Tank, Inc., 32 AD3d 925, 927). The Town also failed to demonstrate that the balance of equities resolves in its favor (see Copart of Conn., Inc. v Long Is. Auto Realty, LLC, 42 AD3d 420, 421).

Accordingly, the Supreme Court providently exercised its discretion in denying the Town's motion for a preliminary injunction.

The parties' remaining contentions are without merit.

CONNOLLY, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court